NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 5 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAVINDER KUMAR, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-73142 Agency No. A087-620-484 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Ravinder Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to Kumar's visa application, occupation, passports, and marriage. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Kumar's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (agency not compelled to accept petitioner's explanation for discrepancy even if plausible). Substantial evidence also supports the agency's finding that Kumar's corroborative evidence did not otherwise establish his eligibility for relief. *See Garcia v. Holder,* 749 F.3d 785,791 (9th Cir. 2014). Thus, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Kumar's CAT claim because it was based on the same testimony found not credible, and he does not point to evidence in the record that compels the conclusion that it is more likely

than not he would be tortured by or with the consent or acquiescence of the government if returned to India.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED**.